O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUDRIA ANDREWS,                          )  Case No. CV 09-08762 DDP (FFMx)
                                         )
                    Plaintiff,           )  **ORDER GRANTING PLAINTIFF'S MOTION**
                                         )  **TO REMAND AND DENYING AS MOOT**
        v.                               )  **DEFENDANTS' MOTION TO STAY**
                                         )  [Motions filed on December 8,
BAYER CORPORATION, BAYER                 )  2009 and December 17, 2009]
HEALTHCARE PHARMACEUTICALS               )
INC.; BAYER HEALTHCARE, LLC;             )
McKESSON CORPORATION                     )
CORPORATION,                             )
                                         )
                    Defendants.          )
_____          )

     This matter comes before the Court on (1) a Motion to Stay

Proceedings Pending Transfer by the Judicial Panel on Multidistrict

Litigation to MDL 2100 filed by the defendants Bayer Corporation,

Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals, Inc.

(the "Bayer Defendants") and (2) a Motion to Remand filed by the

plaintiff Sudria Andrews ("Plaintiff").  Having reviewed the papers

submitted by the parties, the Court GRANTS the motion to remand,

DENIES as moot the motion to stay, and adopts the following Order.

///

///

# I.    BACKGROUND

Plaintiff filed suit in Los Angeles Superior Court on October 31, 2007, alleging that she suffered a pulmonary embolism as a proximate result of ingesting Yasmin, an oral contraceptive created and produced for public consumption by the Bayer Defendants and distributed by McKesson Corporation ("McKesson"). (Compl. ¶¶ 4-18.)  Plaintiff is a California citizen who resides in Los Angeles County. (Id. ¶ 3.)  None of the Bayer Defendants is a citizen of California for purposes of diversity jurisdiction.[1]  (Notice of Removal ¶ 8.)  McKesson is a Delaware corporation with its principal place of business in California. (Id. ¶ 9.)  On November 25, 2009, the Bayer Defendants removed to this Court, arguing that McKesson was fraudulently joined in order to defeat removal and that its citizenship should therefore be disregarded for purposes of diversity jurisdiction. (Id. ¶ 16.)

On October 1, 2009, the Judicial Panel on Multidistrict Litigation established MDL No. 2100, In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation.  The Bayer Defendants identified this action as a potential "tag-along" to MDL No. 2100, and a conditional transfer order was filed on December 17, 2009.  Plaintiff filed an opposition to the conditional transfer order on January 4, 2010.

---

[1]Bayer Corporation is an Indiana corporation, with its principal place of business in Pennsylvania. (Notice of Removal ¶ 8.)  Bayer HealthCare Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in New Jersey. (Id.)  Bayer HealthCare LLC is a Delaware limited liability company whose sole member is Bayer Corporation, meaning that it is a citizen of Indiana and Pennsylvania for diversity purposes. (Id.)

1    On December 8, 2009, the Bayer Defendants filed a motion to
2   stay all proceedings in this action and to vacate all existing
3   dates and deadlines pending transfer of this action to MDL No.
4   2100.  On December 17, 2009, Plaintiff filed a motion to remand,
5   arguing that there is no diversity jurisdiction because McKesson, a
6   properly joined defendant, is a California corporation.

7

8   **II.   DISCUSSION**

9    "[F]ederal courts normally must resolve questions of subject
10   matter jurisdiction before reaching other threshold issues."
11   Potter v. Hughes, 546 F.3d 1051, 1061 (9th Cir. 2008).  The Supreme
12   Court has held that "engaging subject-matter jurisdiction at the
13   outset of a case is often the most efficient way of going," and
14   that in removal actions "both expedition and sensitivity to state
15   courts' coequal stature should impel the federal court to dispose
16   of that issue first."  Ruhrgas AG v. Marathon Oil Co., 526 U.S.
17   574, 587-88 (1999) (internal quotation marks and citation omitted).
18   The Court therefore addresses the motion to remand prior to the
19   motion to stay.[2]

20       **A.   Legal Standard**

21    A defendant who seeks to remove a case from state to federal
22   court has the burden of establishing federal subject matter

23

24       [2]   Some district courts within the Ninth Circuit follow a test
25   set forth in Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D.
     Wis. 2001), which indicates that the court should consider a motion
26   to stay prior to a motion to remand "only if the jurisdictional
     issue is both difficult and similar or identical to those in cases
27   transferred or likely to be transferred [to an MDL venue]. . . ."
     Under this approach, it is appropriate to address the motion to
28   remand prior to the motion to stay because the jurisdictional issue
     is straightforward.

jurisdiction.  <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921).  Furthermore, courts "strictly construe the removal statute against removal jurisdiction."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  Removal is governed by substantive and procedural requirements.  Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed to federal court if the civil action is one "of which the district courts of the United States have original jurisdiction."

Section 1332 provides that district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States."  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Fraudulently joined defendants will not defeat removal on diversity grounds."  <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998).  "[T]here is a general presumption against fraudulent joinder," <u>Hamilton Materials, Inc. v. Dow Chemical Corp.</u>, 494 F.3d 1203, 1206 (9th Cir. 2007), but fraudulent joinder will be found "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state."  <u>Ritchey</u>, 139 F.3d at 1318.

1    The party asserting fraudulent joinder bears the burden of

2    proof, United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756,

3    763 (9th Cir. 2002), and remand must be granted unless the

4    defendant establishes that there is no possibility that the

5    plaintiff could prevail on any cause of action it asserted against

6    the non-diverse defendant.  See Levine v. Allmerica Financial Life

7    Ins. & Annuity Co., 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

8    **B.  Analysis**

9    The Bayer Defendants assert that diversity jurisdiction exists

10   because McKesson, the only non-diverse defendant named in the

11   Complaint, was fraudulently joined.  First, the Bayer Defendants

12   argue that Plaintiff's claims against McKesson are not cognizable

13   under California law.  Second, they argue that, even if a claim

14   could stand against McKesson, the Complaint fails to plead

15   sufficient facts against McKesson.

16           1.   Cognizable Cause of Action

17   The Bayer Defendants assert that Plaintiff's claims against

18   McKesson are based on a failure to warn about the purported risks

19   of Yasmin.  According to the Bayer Defendants, this claim

20   necessarily fails because California law does not impose a duty to

21   warn on pharmaceutical distributors.

22   It is a well-settled principle of California law that

23   manufacturers of prescription drugs are strictly liable for a

24   failure to warn.  Carlin v. Superior Court, 920 P.2d 1347 (Cal.

25   1996).  The general rule in California is that strict liability for

26   failure to warn runs to distributors as well as manufacturers.

27   Anderson v. Owens-Corning Fiberglas Corp., 810 P.2d 549, 552 (Cal.

28

5

1  1991).  Retailers are also strictly liable for a failure to warn.

2  Soule v. Gen. Motors Corp., 882 P.2d 298, 303 (Cal. 1994).

3       The Bayer Defendants nevertheless argue that the general rule

4  does not apply to distributors when the product at issue is a

5  pharmaceutical product.  In support of this argument, they point

6  out that pharmacists are not subject to liability based upon a

7  failure to warn theory.  See, e.g., Murphy v. E.R. Squibb & Sons,

8  Inc., 710 P.2d 247, 252 (Cal. 1985).  Although McKesson is not a

9  pharmacist, the Bayer Defendants argue that the rationale for

10 exempting pharmacists from strict liability applies equally to

11 distributors.  The Bayer Defendants cite no California authority

12 supporting this position, instead arguing that exempting

13 pharmaceutical distributors from strict liability for failure to

14 warn is good public policy.  (See Opp'n to Pl.'s Mot. to Remand

15 8:11-14 (noting that the same reasoning that applies to pharmacies'

16 exemption from strict liability should apply to distributors

17 because "if McKesson and other distributors that supply pharmacies

18 with FDA-approved medications were strictly liable, they, too,

19 might restrict the availability of such medications").)

20      However, California's public policy rationale for exempting

21 pharmacists from strict liability is that they provide services.

22 Murphy, 710 P.2d at 251 ("A key factor [justifying the exemption]

23 is that the pharmacist who fills a prescription . . . is providing

24 a service to the doctor and acting as an extension of the doctor in

25 the same sense as a technician who takes an X-ray or analyzes a

26 blood sample on a doctor's order.").  Unlike pharmacists, McKesson

27 does not provide the public with an analogous service.

28 Furthermore, the Bayer Defendants' reliance on public policy is a

6

1  essentially a concession that such a cause of action is not

2  currently barred under California law.

3      Because no California court has ever held that distributors of

4  pharmaceuticals are exempt from the general rule of strict

5  liability for failure to warn, the Bayer Defendants have failed to

6  carry their burden of establishing that "the plaintiff fails to

7  state a cause of action against a resident defendant, and the

8  failure is obvious according to settled rules of the state."

9  Ritchey, 139 F.3d at 1318.

10                    2.  Pleading Deficiencies

11     Alternatively, the Bayer Defendants argue that Plaintiff's

12  motion should be denied because the Complaint fails to allege

13  specific facts showing that McKesson is connected to the actual

14  pills Plaintiff ingested.  (Opp'n to Pl.'s Mot. to Remand 3:18-20.)

15  They also assert that the Complaint "'lump[s]' McKesson with the

16  Bayer Defendants, making vague allegations against 'Defendants'

17  generally rather than directing the allegations against any

18  specific defendant or defendants in particular."  (Id. 5:4-8.)

19     Under California law, a complaint must contain "[a] statement

20  of the facts constituting the cause of action, in ordinary and

21  concise language."  Cal. Code Civ. P. § 425.10(a)(1).  This

22  requires "only general allegations of ultimate fact.  The plaintiff

23  need not plead evidentiary facts supporting the allegation of

24  ultimate fact.  A pleading is adequate so long as it apprises the

25  defendant of the factual basis for the plaintiff's claim."  McKell

26  v. Washington Mut., Inc., 49 Cal. Rptr. 3d 227, 238 (Ct. App. 2006)

27  (internal citations omitted).  In order to prevail on a strict

28  liability cause of action, the plaintiff must establish that the

7

1   defendant's failure to warn "was a legal cause of the injury."

2   Torres v. Xomox Corp., 56 Cal. Rptr. 2d 455, 465 (Ct. App. 1996)

3       The Complaint alleges that "McKesson supplies Defendant's

4   prescription drugs Yasmin and Yaz to health care providers in

5   California" and that "McKesson had supply agreements to distribute

6   the prescription birth control pills Yasmin and Yaz to the health

7   care providers of Plaintiff." (Compl. ¶ 13.) Plaintiff alleges

8   "damages associated with her ingestion" of Yasmin and that she was

9   diagnosed with a pulmonary embolism as a "direct result of her use

10  of Yasmin." (Id. ¶ 19.) Furthermore, the Bayer Defendants

11  acknowledge that "[a]s relevant to the plaintiff's claims in this

12  case, McKesson purchases YAZ, Yasmin, and Ocella from the Bayer

13  Defendants and sells the medications to pharmacies."[3] (Opp'n to

14  Pl.'s Mot. to Remand, Yonko Decl. ¶ 5.)

15      Plaintiff's allegations that McKesson supplied Yasmin to

16  pharmacies in California and that it had a supply agreement with

17  Plaintiff's health care provider are sufficient to "apprise[] the

18  defendant[s] of the factual basis for the plaintiff's claim."

19  McKell, 49 Cal. Rptr. 3d at 238 (internal citations omitted).

20  Because Plaintiff has properly alleged a viable cause of action

21  against McKesson, the Bayer Defendants have not carried their

22  burden of establishing that the joinder of McKesson was fraudulent.

23  ///

24  ///

25  ///

26  ────────────────────

27      [3]  Courts may look beyond the pleadings and examine the
    factual record in order to determine whether a non-diverse
28  defendant has been fraudulently joined. McCabe v. General Foods
    Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

**III. CONCLUSION**

   For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and DENIES as moot the Bayer Defendants' motion to stay. IT IS SO ORDERED.


Dated: January 12, 2010

                                    DEAN D. PREGERSON
                                    United States District Judge